## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**TIMOTHY WAYNE WHITE**                                                                  **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 4:15-CV-P100-JHM**

**JOE BLUE, JAILER**                                                                      **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff, Timothy Wayne White, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a pretrial detainee at the Hopkins County Jail (HCJ), sues HCJ Jailer Joe Blue in his individual and official capacities. He alleges that he filed a grievance on Sgt. Coy, who answered his own grievance "which is voiling my grievance rights" and that Defendant Blue is letting his staff do whatever they want to. He states that he also filed a grievance because "they are not giving us 2400 calories like they are suppose to be doing." He further states that he filed a grievance because "they refuse to let me call my lawyer." Plaintiff also appears to allege that the fact that there is no "legal" at the jail to help prisoners with their legal work is violating "legal rights." He further alleges that he filed a grievance because they took his mat 14 hours a day for 90 days and left the light on in his cell. Finally, he alleges that on July 20, 2015, "they" took him to detox where there was nothing to sit on so he had to stand up for 14 hours, which he

alleges is cruel and unusual punishment. As relief, he seeks monetary and punitive damages, as well as release from segregation.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim regarding grievance*

Plaintiff alleges that he filed a grievance on Sgt. Coy, who answered his own grievance, which Plaintiff claims is a violation of "my grievance rights." An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2d Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638

F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. Cty. of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. Because Plaintiff has no right to an effective grievance procedure, *Ishaaq v. Compton*, 900 F .Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991), a failure to follow the grievance procedures does not give rise to a § 1983 claim. *Cunningham v. Womack*, No. 1:12-CV-P207-R, 2013 WL 173957, at *2 (W.D. Ky. Jan. 16, 2013). Thus, Plaintiff's claim regarding Sgt. Coy answering the grievance directed at him must be dismissed.

*Claim regarding food*

Plaintiff states in his complaint that he filed a grievance because "they are not giving us 2400 calories like they are suppose[d] to be doing." Assuming that Plaintiff is attempting to raise a claim concerning prison conditions relating to inadequate food, Plaintiff has failed to do so. Plaintiff alleges no deleterious effect of a reduced-calorie diet, not even weight loss. *See, e.g.*, *Montague v. Schofield*, No. 2:14-cv-292, 2015 WL 1879590, at *13 (E.D. Tenn. Apr. 22, 2015) ("Absent contentions such [as lost weight or other adverse effects], there is nothing factual from which the Court can reasonably infer that the food plaintiff is being served falls below the constitutional nutritional floor."). Thus, the Court finds that Plaintiff has not stated a claim with regard to the prison diet. *Cf. Ward v. Gooch*, No. 5:07-CV-389-JMH, 2010 WL 4608292, at *7 (E.D. Ky. Nov. 5, 2010) (evidence that inmate lost 68 pounds over 10-month period and received 200-700 calories a day for almost a year was sufficient to raise genuine issue of material fact); *but see Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006) (concluding that, without evidence of serious harm, a 45-pound weight loss was not a constitutional claim).

*Claim regarding phone restriction*

Plaintiff alleges that he filed a grievance because "they refuse to let me call my lawyer." With regard to phone restrictions, an inmate has no right to unlimited telephone use. *See Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994); *Brown v. Long*, No. 96-5567, 1997 WL 63136, at *1 (6th Cir. Feb. 12, 1997) ("plaintiff [prisoner] has no constitutional right to unlimited access to a telephone"). And, Plaintiff does not allege that he does not have other means of communicating with his attorney. The Court finds that Plaintiff has not alleged any constitutional violation with regard to access to the phone or his attorney.

*Claim regarding no legal aide*

Plaintiff alleges that the fact that there is no "legal" at the jail to help prisoners with their legal work is violating "legal rights." The Court interprets this as a claim that his constitutional rights are infringed by the lack of legal aides at HCJ.

"The First Amendment protects an inmate's right to access to the courts, but not necessarily his access to all the legal assistance or materials he may desire." *Tinch v. Huggins*, No. 99-3436, 2000 WL 178418, at *1 (6th Cir. Feb. 8, 2000) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)). To state a claim for denial of access to the courts, Plaintiff must demonstrate that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific criminal defense, non-frivolous direct appeal, habeas corpus application, or civil rights action. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). A plaintiff must show, "for example, that the inadequacy of . . . the available legal assistance caused such actual injury as the late filing of a

4

court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented"). Plaintiff does not allege that he suffered any actual injury due to the condition he describes in his complaint. Consequently, this claim will be dismissed for failure to state a claim.

*Claims related to conditions in his cell*

Plaintiff alleges that his mat was taken for 14 hours a day for 90 days and that the light was left on in his cell. He also alleges that on July 20, 2015 "they" took him to detox where there was not a bed or mat or anything to sit on so he had to stand up for 14 hours, which he alleges is cruel and unusual punishment.

"Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. at 537 n.16. "Because the Cruel and Unusual Punishments Clause 'is concerned' with punishment by the state 'after it has secured a formal adjudication of guilt in accordance with due process of law,' it does not apply to pretrial detainees." *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted), *abrogated on other grounds by Jones v. Bock*. "However, state pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause, which provides similar if not greater protections than the Cruel and Unusual Punishments Clause." *Id.* (footnote and citations omitted).

Here, the allegations in the complaint fail to state a claim upon which relief may be granted. Plaintiff's own allegations show that he was provided a mat to sleep on. His only

complaint is that the mat was not available during daytime hours. Such allegations fail to state a claim upon which relief may be granted. *See, e.g.*, *Driskell v. Jones*, No. 2:11-CV-721-WKW, 2014 WL 4795048, at *14 (M.D. Ala. Sept. 25, 2014) (finding no constitutional violation where prisoner's alleged that mattress was removed during the day and returned at night, but did not allege that deprivation of a mattress caused him physical harm); *Coats v. Farmer*, No. 4:12-cv-1973-TMP, 2014 WL 1612700, at *3 (N.D. Ala. Apr. 22, 2014) (finding that pretrial detainee's allegations that his sleeping mat was removed during the daytime for a two-week period were insufficient to state a claim, as the "lack of sleeping mat during non-sleeping, daylight hours" does not rise to the level of cruel and unusual punishment).

With regard to Plaintiff's allegation that for one day while in "detox" he had to stand up for 14 hours because there was not a bed or mat or anything to sit on, Plaintiff does not allege that he could not sit on the floor, nor does he allege that he suffered any deleterious effect from standing for 14 hours. *Pate v. Mathes*, No. 2:14-cv-150, 2014 WL 3784325, at *3 (E.D. Tenn. July 31, 2014) ("Here, plaintiff was furnished a mattress and blanket for sleeping purposes, and the Court has found no authority for the premise that a mattress and blanket must be furnished 24 hours a day, seven days a week, or that the Constitution precludes an inmate from sitting on a cold concrete slab . . . ."). Similarly, Plaintiff fails to allege any harmful effects of the light being left on in his cell.

While the lack of a mattress during the day or a chair during one 14-hour period or the light being left on in his cell may be uncomfortable, such discomfort is not a constitutional violation. The Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable

6

conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). As such, Plaintiff's claims related to these conditions will likewise be dismissed for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date: December 16, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009